**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| TONTEON GAYLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-239 |
| | ) | |
| UNITED STATES, and | ) | |
| CHATHAM COUNTY | ) | |
| DETENTION CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMENDATION

*Pro se* plaintiff Tonteon Gayle filed this case under 42 U.S.C. § 1983 asserting that he was subjected to unconstitutional conditions of confinement at Chatham County Detention Center. *See* doc. 1 at 5. The Court granted him leave to proceed *in forma pauperis* and directed him to complete and return the necessary forms. *See* doc. 3. Several weeks after the forms were due, the Court recommended that his Complaint be dismissed for his failure to comply with the Court's Order. *See* doc. 4. The Court has now received the forms, and it appears that they were mailed before the deadline ran.[1] *See* docs. 5 & 6. The prior Report and

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557

Recommendation is, therefore, **VACATED**.  Doc. 4.  The Court proceeds to screen Gayle's Complaint.  *See* 28 U.S.C. § 1915A.

The Prison Litigation Reform Act requires federal courts to screen all civil cases in which a prisoner seeks redress from a governmental entity or official.  *See* 28 U.S.C. § 1915A.  The Court must dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief.  *Id.*  Similarly, 42 U.S.C. § 1997e(c)(1) allows the Court to dismiss any prisoner suit brought "with respect to prison conditions," for the same reasons stated in § 1915A.

## A.    Improper Defendants

Neither defendant that Gayle has identified can be sued under § 1983.  First, the United States enjoys sovereign immunity against any

---

F.3d 1287, 1290 n. 2 (11th Cir. 2009).  "Absent evidence to the contrary in the form of prison logs or other records, [courts] will assume that [a prisoner's filing] was delivered to prison authorities the day he signed it . . . ."  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  Gayle signed the Consent Form on October 26, 2022.  *See* doc. 6 at 1.  It was not received by the Clerk until more than one month later.  *See id.*  The Prison Trust Account Statement was not signed until November 3, 2022.  *See* doc. 5.  It also appears that the envelope containing both forms was not postmarked until November 22, 2022.  *See id.* at 6.  Despite these discrepancies, the Court assumes that the forms were mailed timely.

such claim.[2]  *See, e.g., Nicholson v. Johanns*, 511 F. Supp. 2d 1193, 1195 (S.D. Ala. 2007) ("Clearly, then, the federal government has not waived its sovereign immunity by consenting to suit under § 1983, inasmuch as § 1983 on its face does not and cannot apply to the actions of the federal government.").  Second, jails and prisons are not entities subject to suit under § 1983.  *See, e.g., Meyers v. Chatham Cnty. Det. Ctr.*, 2022 WL 1215640, at *1 (S.D. Ga. Apr. 25, 2022) ("[T]he Chatham County Detention Center is not an entity subject to suit.").  Accordingly, Gayle's Complaint fails to identify any proper defendant.

### B.    Conditions-of-Confinement Claims

Although Gayle has failed to identify a proper defendant, he might, nevertheless, amend his Complaint to identify one.  *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("Generally, when a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action." (citations omitted)).  The Court,

---

[2] Even if the United States were not immune, Gayle's Complaint does not include any allegations implicating the United States in the allegedly unconstitutional conditions. *See* doc. 1 at 5.  The absence of any factual allegation against the United States supports dismissal for failure to state a claim upon which relief may be granted.  Such a defect might be amendable, as discussed below.  The United States' sovereign immunity, however, precludes any § 1983 claim.

therefore, proceeds to consider whether the factual allegations in Gayle's Complaint might state a claim against *any* defendant.

The allegedly unconstitutional condition that Gayle complains of is the presence of "black mold" in Chatham County Detention Center. *See* doc. 1 at 5. He does not, however, allege that the mold has had any discernable effect on him; only that it might in the future. *Id.* ("The health hazard can [and] will cause inmates permanent damage and could even result to death by developing [and] growing bacteria in your lungs."). Those allegations are not sufficient to state a claim against any defendant.

Gayle's complaint about the mold is most plausibly construed as alleging a violation of the Eighth Amendment based on exposure to an unreasonable risk of future harm or deliberate indifference to his medical needs. Claims that prison conditions violate the Eighth Amendment by creating an unreasonable risk require a two-prong showing: an objective showing that the condition or risk is sufficiently serious, and a subjective showing that the defendants had a sufficiently culpable state of mind. *See, e.g., Brooks v. Warden,* 800 F.3d 1295, 1301 (11th Cir. 2015) (claim based on risk of future harm requires objective showing of "substantial

4

risk of serious harm," "the defendants' deliberate indifference to that risk," and causation); *Thomas v. Bryant*, 614 F.3d 1288, 1303-04 (11th Cir. 2010) (discussing "two-prong showing" required for Eighth Amendment claims challenging conditions of confinement). Similarly, to offend the Eighth Amendment, a government official must display "deliberate indifference to the serious medical needs of prisoners . . . " *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This requires that (1) the prisoner suffered a sufficiently serious medical need; (2) to which the defendants were deliberately indifferent; (3) resulting in an injury. *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). Whether a serious medical need existed is an objective standard. *Milton v. Turner*, 445 F. App'x 159, 161-62 (11th Cir. 2011).

Gayle's Complaint does not identify any sufficiently serious condition or medical need to satisfy the objective prong of any deliberate indifference claim. The presence of black mold, standing alone, is insufficient to satisfy the objective prong of an indifference-to-risk claim. *See, e.g., Marine v. Kelly*, 2019 WL 2587814, at *4 (N.D. Fla. May 17, 2019) ("The conditions of which Plaintiff complains—the presence of black mold in the shower, dayroom, and cell—are not sufficiently serious

or extreme to run afoul of the Eighth Amendment."); *Jordan v. Franks*, 2010 WL 4007641 at *2 (S.D. Ga. Aug. 30, 2010) (exposure to mold, mildew, and unpleasant smell did not sufficiently allege Eighth Amendment claim based on present harm or risk of future harm); *McIntyre v. Phillips*, 2007 WL 2986470, at *3 (W.D. Mich. Sept. 10, 2007) (finding that "unsubstantiated, perceived risk of future medical issues," was not sufficient to state an Eighth Amendment violation because "some exposure to black mold is a risk that society has chosen to tolerate."). He does not allege any current medical condition or symptoms. Gayle's Complaint, therefore, fails to satisfy the objective prong of either type of Eighth Amendment claim implicated, regardless of the defendant identified.

Gayle has also failed to allege sufficient facts to satisfy the subjective prong of his Eighth Amendment Claim. A prison official cannot be liable for inhumane conditions unless he is deliberately indifferent to them. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 836-38 (1994). Such indifference occurs when "the official knows of and disregards an excessive risk to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a

6

substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Gayle alleges that he told a member of "staff" about the mold, and that he "ask[ed] Cpl. Grey could she please look into this matter." Doc. 1 at 5. The allegation that he told Corporal Grey comes closest to alleging her subjective knowledge of the condition, but it is not clear precisely what Gayle means by "this matter." *Id.* Assuming that Gayle might amend his allegations to identify a sufficiently serious condition or medical need, he must also identify a defendant who had subjective knowledge of that condition or need.

Although he fails to state a viable claim, "when a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins*, 620 F. App'x at 711. The Court will, therefore, afford Gayle an opportunity to identify a proper defendant and supplement his allegations to address the issues discussed above. Gayle is **DIRECTED** to submit his Amended Complaint no later than January 6, 2023. He is advised that his amended complaint will supersede his original pleadings and therefore must be complete in itself. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n. 1 (11th

Cir. 1999) ("An amended complaint supersedes an original complaint");

*Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). The Clerk is **DIRECTED** to enclose a blank copy of Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)) with the service copy of this Order for Gayle's convenience.

In summary, the Court's prior Report and Recommendation is **VACATED**. Doc. 4. Gayle's claims against the United States and Chatham County Detention Center should be **DISMISSED**. Although his Complaint fails to state a claim upon which relief may be granted, he is entitled to an opportunity to amend it. He is **DIRECTED** to submit an Amended Complaint, addressing the defects discussed above, by no later than January 6, 2023.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for

additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**C. Filing Fee**

Finally, the Court must assess Gayle's filing fee. *See* 28 U.S.C. § 1915(b). Plaintiff's prisoner trust fund account statement reflects $41.67 in average monthly deposits. Doc. 5 at 1. Based upon his furnished information, he owes an initial partial filing fee of $8.34. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). His account custodian shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10,

until the balance of the Court's $350 filing fee has been paid in full.  In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian.  The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.[3]

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 30th day of November, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required.  In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian.  The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.